UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA BOHN, on behalf of herself and all others similarly situated, | ) ) ) | No. 11 C 08704 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Thomas M. Durkin |
| BOIRON, INC. and BOIRON USA, INC., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rebecca Bohn filed a class action complaint against Defendants Boiron, Inc. and Boiron USA, Inc. (collectively, "Boiron") alleging violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 502/1, *et seq.* R. 41 (Am. Compl.) Boiron moves to dismiss the complaint in its entirety. R. 47. For the reasons explained below, Boiron's motion to dismiss is granted in part and denied in part.

## I. Background[1]

Boiron is a Pennsylvania corporation that manufactures, distributes, markets, and sells an over-the-counter homeopathic product called Oscillococcinum ("Oscillo"). Am. Compl. ¶¶ 11-13. The packaging of Oscillo instructs consumers to "[t]ake Oscillo at the [f]irst [s]ign of [f]lu-[s]ymptoms," that Oscillo "[t]emporarily

---

[1] The following background is taken from the allegations in Bohn's amended complaint, R. 41, which the Court accepts as true for purposes of a motion to dismiss.

relieves flu-like symptoms," and that its sole active ingredient reduces "the duration and severity of flu-like symptoms." *Id.* ¶ 1.

Bohn alleges that clinical studies of Oscillo show that the active ingredient in Oscillo, Anas Barbariae Hepatis et Cordis extractum 200K ("Anas Barbariae"), does not relieve flu-symptoms as represented by Boiron. *Id.* ¶ 2. Moreover, Bohn claims that the method in which Boiron makes Oscillo causes the Anas Barbaraie to become so diluted that "the odds of even a molecule of Anas Barbariae extract being in a dose of Oscillo is mathematically impossible." *Id.*

Oscillo is sold at a variety of outlet stores and is available in six, twelve, or thirty-dose packages priced between $12.00 and $20.00. *Id.* ¶ 14. Bohn purchased Oscillo sometime between December 7, 2008 and December 7, 2011.[2] *Id.* ¶ 10. Bohn claims that she purchased Oscillo because she believed that it would provide her with the benefits listed on the packaging and temporarily relieve her flu-symptoms. *Id.* Bohn alleges that she was deceived by Boiron because Oscillo does not work as Boiron represents—instead, the product "is in a reality a dose of sugar and nothing else." *Id.* ¶ 16. Bohn claims that Boiron's false and misleading representations about Oscillo violate the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").

In December 2011, Bohn filed this lawsuit against Boiron. See R. 1. Bohn seeks to certify a nationwide class of "[a]ll persons who, within the applicable statute of limitations under their respective state's consumer fraud act, purchased

[2] Bohn does not allege the date of purchase, rather, Bohn states that she purchased Oscillo "within the three years prior to the filing of the original complaint." Am. Compl. ¶ 10. Bohn filed her original complaint on December 7, 2011. R. 1.

[Oscillo]."[3] Am. Compl. ¶ 53. As an alternative to a multi-state class action, Bohn seeks to certify a class limited to Illinois residents who purchased Oscillo within the applicable statute of limitations. *Id.* ¶ 54. Bohn's class action complaint also proposes two other alternative classes of multi-state or Illinois residents who purchased Oscillo *after* July 28, 2012. *Id.* ¶¶ 55-56. Bohn seeks an award of monetary damages, as well as an order enjoining Boiron from continuing to falsely market and sell Oscillo as a flu remedy. *Id.* at 17-18.

Bohn is not the only consumer to sue Boiron for misrepresenting the effects of Oscillo. Three months before Bohn filed suit in this Court, a plaintiff named Salvatore Gallucci brought a similar action against Boiron in the United States District Court for the Southern District of California. *See Gallucci v. Boiron, Inc.*, Case No. 3:11-cv-02039 (S.D. Cal. Sept. 2, 2011). In April 2012, the district court preliminarily approved a proposed settlement in *Gallucci*. Am. Compl. ¶ 28. Bohn opted out of the *Gallucci* settlement in June 2012. *Id.* ¶ 33. In October 2012, the district court granted final approval of the settlement, which covered over 200 homeopathic products manufactured by Boiron—including Oscillo—purchased between January 1, 2000 and July 27, 2012. R. 47-8, Defs.' Exh. F (Final Settlement Order).

Before entering final judgment in *Gallucci*, the court considered submissions filed by class members who objected to the proposed settlement agreement. Defs.' Exh. F at 16. The court sustained in part and overruled in part the objections, and

---

[3] Excluded from Bohn's putative classes are "Defendants, their parents, subsidiaries, affiliates, officers and directors, and those who purchased [Oscillo] for the purpose of resale." Am. Compl. ¶¶ 53-56.

entered final judgment dismissing the case with prejudice. *Id.* at 16-18. Thereafter, one of the class members who objected to the *Gallucci* settlement appealed the district court's judgment. The appeal is currently pending before the Ninth Circuit. *See Gallucci v. Boiron, Inc.*, 2012 WL 5359485 (S.D. Cal. Oct. 31, 2012), *appeal docketed*, No. 12-57081 (9th Cir. Nov. 16, 2012).

## II. Standing

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss any claim for which the Court lacks subject-matter jurisdiction, such as lack of standing. *See* Fed. R. Civ. P. 12(b)(1). "As a jurisdictional requirement, the plaintiff bears the burden of establishing standing." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); *see also Citizens Against Ruining the Env't v. EPA*, 535 F.3d 670, 675 (7th Cir. 2008) (whether a litigant has standing is a "threshold jurisdictional question"). Where, as here, the defendant interposes a facial challenge to the plaintiff's standing on a motion to dismiss, "the court does not look beyond the allegations in the complaint, which are taken as true for purposes of the motion." *Apex Digital*, 572 F.3d at 444.

### B. Analysis

"Standing consists of three elements: (1) injury-in-fact, (2) causation, and (3) redressability." *Citizens*, 535 F.3d at 675 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The plaintiff "bears the burden of showing that he has

standing for each type of relief sought." *Summers v. Earth Island Inst.*, 555 U.S.

488, 493 (2009). In cases where the plaintiff seeks injunctive relief,

> [the] plaintiff must show that he is under threat of suffering "injury in fact"
> that is concrete and particularized; the threat must be actual and imminent,
> not conjectural or hypothetical; it must be fairly traceable to the challenged
> action of the defendant; and it must be likely that a favorable judicial
> decision will prevent or redress the injury. This requirement assures that
> there is a real need to exercise the power of judicial review in order to protect
> the interests of the complaining party.

*Id.* (internal citation and quotation omitted); *see also Scherr v. Marriott Int'l, Inc.*,

703 F.3d 1069, 1074 (7th Cir. 2013).

Boiron argues that Bohn lacks Article III standing to seek injunctive relief

because Bohn does not allege a "real and immediate" threat of future injury to her

specifically. Defs.' Br. at 10-11 (citing *Scherr*, 703 F.3d at 1074). Indeed, Bohn

alleges quite the opposite. In her complaint, Bohn alleges that Oscillo is "a dose of

sugar and nothing else" and that if had she "known the truth about Defendants'

misrepresentations and omissions, including that the scientific evidence

demonstrated that [Oscillo] was not effective as represented by Defendants[,]

*Plaintiff would not have purchased Defendants' Product*." Am. Compl. ¶¶ 10, 16

(emphasis added). Because Bohn fails to allege any facts showing that she faces a

"real and immediate threat" of future harm, she does not have Article III standing

to obtain an injunction against Boiron. *City of Los Angeles v. Lyons*, 461 U.S. 95,

102 (1983) ("Past exposure to illegal conduct does not in itself show a present case

for injunctive relief. . . ."); *see also Scherr*, 703 F.3d at 1074 (stating that "to

establish injury in fact when seeking prospective injunctive relief, a plaintiff must

allege a 'real and immediate' threat of future violations of their rights"). Bohn cannot rely on the prospect that *other* consumers may be deceived by Boiron's product to show that she has standing to pursue injunctive relief. *Campbell v. Miller*, 373 F.3d 834, 836 (7th Cir. 2004) ("Unless the same events are likely to happen again to *him* there is no controversy between him and [the defendant.]") (emphasis in original).

Bohn misguidedly argues that the ICFA somehow provides the Court with jurisdiction to decide her claim for injunctive relief. Bohn points to the express language of the ICFA, which states that in addition to awarding monetary damages, the Court "may grant injunctive relief where appropriate." R. 54, Pl.'s Br. at 4 (quoting 815 ILCS 505/10a(c)). Bohn is correct that the ICFA allows for injunctive relief "where appropriate," however, this does not alleviate her burden of alleging "an injury in fact" necessary to establish Article III standing. *Lujan*, 504 U.S. at 560. As discussed above, standing is a jurisdictional requirement that a plaintiff must establish before the Court can decide the merits of the dispute.

Alternatively, Bohn contends that the Court should reject Boiron's Article III argument as contrary to public policy. Pl.'s Br. at 5-7. Bohn argues that dismissing her claim for injunctive relief for lack of standing means that *no one* could possibly have Article III standing to seek injunctive relief. Pl.'s Br. at 6. In other words, Bohn contends that "accepting Defendants' narrow interpretation" of standing effectively prevents anyone who has already been victimized by Boiron's conduct from seeking injunctive relief—and those who have not yet purchased Oscillo are

either unaware of Boiron's deceptive conduct, or would lack standing for other reasons.

Bohn urges the Court to follow *Henderson v. Gruma Corporation*, an unreported decision from the Central District of California. *See* 2011 WL 1362188 (C.D. Cal. April 11, 2011). In *Henderson*, the plaintiffs alleged that they were deceived by the misleading labels on the defendant's food products, and would not have purchased the products had they known their true ingredients. *Henderson*, 2011 WL 1362188, at *1-3. *Henderson* held that although the plaintiffs "may not purchase the same Gruma products as they purchased during the class period, because they are now aware of the true content of the products, to prevent them from bringing suit on behalf of a class in federal court would surely thwart the objective of California's consumer protection laws." *Id*. at *8. Bohn urges the Court to adopt the district court's analysis in *Henderson* and conclude that she has standing to pursue injunctive relief under the ICFA because, to hold otherwise, would effectively bar any consumer who avoids Oscillo from seeking injunctive relief. Meanwhile, Bohn contends that the allegedly deceptive product remains on the shelf and continues to be sold to consumers under false pretenses.

*Henderson* is not controlling or persuasive. Indeed, other district court judges in California have refused to adopt its reasoning. *See, e.g., Delarosa v. Boiron*, Case No. 10-cv-1569 (C.D. Cal. Dec. 28, 2012) (Order Granting in Part Def.'s Mot. for Summ. J.) ("Article III trumps both California law and the *Erie* doctrine"); *Mason v. Nature's Innovation, Inc.*, 2013 WL 1969957, at *2-3 (S.D. Cal. May 13, 2013)

("District courts in this circuit are split over the issue of whether a plaintiff, who is seeking to enjoin a seller or manufacturer from making false or misleading misrepresentations about an item the plaintiff previously purchased, must be able to establish that he would likely purchase the item again to establish standing."). In *Mason*, for example, the court found that "as important as consumer protection is, it is not within the Court's authority to carve out an exception to Article III's standing requirements to further the purpose of California consumer protection laws." 2013 WL 1969957, at *2. Rather, "as a *federal* court, this Court must make sure that the threshold requirements imposed by Article III are satisfied." *Id.* at *3 n.1 (citing *Lyons*, 461 U.S. at 101) (emphasis in original).[4]

For the reasons explained above, Bohn has not alleged that she personally will likely suffer future harm based on Boiron's actions. Accordingly, Bohn lacks standing, and Boiron's motion to dismiss Bohn's claim for injunctive relief is granted.

### III. Class Allegations

Bohn's amended complaint defines four putative classes:

- All persons who, within the applicable statute of limitations under their respective state's consumer fraud act, purchased Oscillo.

- In the alternative, all Illinois residents who, within the applicable statute of limitations, purchased Oscillo.

- In the alternative, all persons who since July 28, 2012, under their respective state's consumer fraud act, purchased Oscillo.

---

[4] Bohn is not without recourse. If she wishes to prevent an allegedly deceptively advertised product from remaining on the shelves, she can notify a number of state and federal regulatory agencies and ask for them to take action.

- In the alternative, all Illinois residents who since July 28, 2012, purchased Oscillo.

Boiron argues that Bohn cannot assert claims on behalf of any of these classes for a variety of reasons, and, therefore, all of the class allegations must be stricken pursuant to Federal Rules of Civil Procedure 12(f) and 23.

## A. Legal Standard

Rule 23(c)(1)(A) states that "[a]t an early practicable time after a person sues . . . as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). The Court agrees that "[m]ost often it will not be 'practicable' for the court to do that at the pleading stage, but sometimes the complaint will make it clear that class certification is inappropriate." *Hill v. Wells Fargo Bank, N.A.*, — F. Supp. 2d —, 2013 WL 2297056, at *10 (N.D. Ill. May 24, 2013) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.").

Rule 23(d)(1)(D) provides that, "[i]n conducting an action under this rule, the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). "Courts in this district have held that a motion to strike class allegations, made pursuant to [Rules 23(a) and 23(d)], can be an appropriate device to determine whether a case will proceed as a class action."

*Valentine v. WideOpen West Fin.*, 288 F.R.D. 407, 414 (N.D. Ill. 2012) (citing *Muehlbauer v. Gen. Motors Corp.*, 431 F. Supp. 2d 847, 870 (N.D. Ill. 2006)). And, "in the right circumstances, such motions may properly be filed before plaintiffs move for class certification and before class discovery has been conducted." *Id.* (citing *Wright v. Family Dollar, Inc.*, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010) ("[G]iven that Rule 23(c)(1)(A) instructs courts to determine whether a class may be certified '[a]t an early practicable time,' courts may—and should—address the plaintiff's class allegations when the pleadings are facially defective and definitively establish that a class action cannot be maintained.").

As the named plaintiff, Bohn cannot maintain a class action unless she satisfies four requirements set forth in Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a). If the requirements of Rule 23(a) are met, Bohn must also satisfy Rule 23(b), which requires that the proposed class fall within one of the three enumerated categories: "(1) a mandatory class action (either because of the risk of incompatible standards for the party opposing the class or because of the risk that the class adjudication would, as a practical matter, either dispose of the claims of non-parties or substantially impair their interests), (2) an action seeking final injunctive or declaratory relief, or (3) a case in which the common questions predominate and class treatment is superior." *Spano v. Boeing Co.*, 633 F.3d 574, 583 (7th Cir. 2011).

## B. Analysis

First, the Court can swiftly dispose of Bohn's class claims for injunctive relief under Rule 23(b)(2). As discussed above, Bohn does not have standing to pursue claims for injunctive relief and those claims were dismissed pursuant to Rule 12(b)(1). *See Brown v. County of Cook*, 549 F. Supp. 2d 1026, 1032 (N.D. Ill. 2008); *Bryant v. Bailey*, 2011 WL 902040, at *3 (S.D. Ind. Mar. 14, 2011) (citing *Robinson v. City of Chicago*, 868 F.2d 959, 968 (7th Cir. 1989)). A party who cannot establish standing cannot "seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

### 1. Post-July 27, 2012 Classes

Boiron next argues that Bohn's class claims on behalf of post-July 27, 2012 purchasers must be stricken because Bohn does not allege any facts showing that she is a member of this class. Defs.' Br. at 12-13. Specifically, Bohn alleges that she purchased Oscillo sometime between December 7, 2008 and December 7, 2011. Am. Compl. ¶ 10. "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2549 (2011) (quotations omitted); *see also Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993) ("because [representative plaintiff] was not a member of the class she describes, the district court properly denied her motion for class certification"). Bohn does not allege that she is a member of the proposed post-July 27, 2012 class of purchasers, therefore, she is not

an adequate representative of the class. Bohn's claims relating to the post-July 27, 2012 classes are stricken.

### 2. *Pre-July 27, 2012 Classes*

Boiron argues that Bohn's more general class allegations relating to the classes of "all persons" and "all Illinois residents" (not limited by time period other than the applicable statute of limitations) who purchased Oscillo are barred by *res judicata*. Defs.' Br. at 13-15. Specifically, Boiron contends that these class claims are barred by the class action settlement and final judgment in *Gallucci v. Boiron*. Like Bohn, the plaintiffs in *Gallucci* claimed that Boiron's false marketing caused them to purchase Oscillo—a product they would not have otherwise bought because it is nothing more than sugar. R. 47-9, Defs.' Exh. G (Gallucci Compl.) ¶¶ 18, 22, 29.

In April 2012, the court conditionally certified a class for settlement purposes, which included all persons in the United States who purchased Oscillo from January 1, 2000 to the "final date of judgment,"[5] and appointed the five named-plaintiffs as class representatives. Am. Compl. ¶¶ 28-32; *Gallucci*, Dkt. Entry 89 at 3-4. Specifically, the court concluded that the requirements of Rule 23(a) and (b)(3) were satisfied. The court also approved the form and procedure for disseminating notice of the proposed settlement to the class as set forth in the parties' settlement agreement. *Gallucci*, Dkt. Entry 89 at 5. Because the class was certified under Rule 23(b)(3), the court was required to order that notice be given to

---

[5] The Court later modified the class period definition to mean "January 1, 2000 through July 27, 2012" so that the class definition did not include consumers who purchased products after the time to opt-out or object, *i.e.*, July 27, 2012, had passed (and thus would not have an opportunity to opt-out or object). *Gallucci*, Dkt. Entry 120.

"all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *In re Allstate Ins. Co.*, 400 F.3d 505, 506-07 (7th Cir. 2005). Potential members of a Rule 23(b)(3) class will automatically be included in the class if they do not affirmatively opt out of the litigation. *Ervin v. OS Rest. Servs.*, 632 F.3d 971, 976 (7th Cir. 2011). Bohn received notice of the proposed settlement class in *Gallucci*, and submitted a written request to be excluded from the class. R. 41-3, Pl.'s Exh. 3. In October 2012, the court granted final approval of the class settlement, and dismissed the case. *See* Defs.' Exh. F.

Bohn seeks to represent the same class that was certified in *Gallucci*. As discussed above, Bohn cannot maintain a class action under Rule 23(b)(2) due to lack of standing to pursue injunctive relief. Thus, she is left with her claim for certification of a damages class pursuant to Rule 23(b)(3). Before entering final judgment in *Gallucci*, the court affirmed its certification of the class pursuant to Rules 23(a) and 23(b)(3). The court also held that the proposed settlement agreement was "fair, reasonable, and adequate" to the class, and that the class "had received the best practicable notice" of the proposed settlement. Defs.' Exh. F at 11; *see* Fed. R. Civ. P. 23(e). Absent class members who did not opt out from the class are thus precluded from pursuing these claims against Boiron in the future under the doctrine of *res judicata*. *See Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 n.6 (7th Cir. 1977) ("the outcome of a class action suit is *res judicata* as to all unnamed class members"). As the Seventh Circuit recently noted, "a defendant with a winning case has much to gain from [certification]—the judgment for the

defendant will be *res judicata* in any suit by a class member who had not opted out of the class, provided 'that the named plaintiff at all times adequately represent the interests of the absent class members.'" *Thomas v. UBS, AG*, 706 F.3d 846, 850 (7th Cir. 2013) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985)).

Although Bohn chose to individually opt out of the *Gallucci* class, the class members she now seeks to represent (persons who purchased Oscillo on or before July 27, 2012) are all bound by the judgment in *Gallucci*. As an opt out, Bohn is free to "litigate independently," *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006), which could conceivably entail bringing her own class action lawsuit on behalf of persons who were *not* included in the *Gallucci* certified class. Indeed, *Thomas* acknowledged that while a defendant has much to gain from a class certification judgment, the defendant also "may not have much to gain, if an opt out can be expected to file another class action against the defendant." 706 F.3d at 850.

Bohn does not argue that the class members who purchased Oscillo before July 27, 2012 are *not* barred by *res judicata*. Rather, Bohn simply argues that the issue is not ripe for determination. Pl.'s Br. at 9. Bohn essentially asks the Court to table the issue until the *Gallucci* appeal is resolved by the Ninth Circuit. Bohn contends that "if the *Gallucci* settlement is affirmed, the [amended complaint] makes clear that [Bohn] will only pursue a class that does not include the settlement class members, thereby removing any claims that could arguably become barred by *res judicata*." *Id.*

The claim-preclusive effect of a federal judgment is tested under federal standards. *See Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007); *EEOC v. Chernin, Inc.*, 10 F.3d 1286, 1289 n.4 (7th Cir. 1993). *Res judicata*, also known as "claim preclusion," applies to bar a subsequent suit in federal court when the following conditions exist: "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Kratville v. Runyon*, 90 F.3d 195, 197 (7th Cir. 1996). *Res judicata* is an affirmative defense, and the plaintiff need not plead around affirmative defenses. *See United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003); Fed. R. Civ. P. 8(c). Still, "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense." *United States Gypsum*, 350 F.3d at 626.

First, it is undisputed that there is an "identity of cause of action" between *Gallucci* and the present lawsuit. "Two claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *Tartt v. Nw. Comm. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) (quotation omitted); *see also Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 857 (7th Cir. 2001) ("[F]or purposes of *res judicata* a claim is not an argument or a ground but the events claimed to give rise to a right to a legal remedy."). Bohn's complaint contains the same factual allegations that were alleged in *Gallucci*, and Bohn does not argue otherwise. Like the plaintiffs in *Gallucci*, Bohn contends that Boiron made false and

misleading representations about Oscillo. Accordingly, the first element of *res judicata* is satisfied.

Second, although Bohn excluded herself individually from the *Gallucci* settlement, Bohn's proposed classes of "all persons" and/or "all Illinois residents . . . who purchased Oscillo" clearly encompasses the *Gallucci* named plaintiffs and all absent class members who purchased the product on or before July 27, 2012 (subject to some exceptions that are unnecessary to address in this order). Bohn seeks to represent a class of all persons who purchased Oscillo before July 27, 2012. Am. Compl. ¶¶ 52-54. But it is clear that the *Gallucci* class already includes any person who purchased Oscillo from January 1, 2000 through July 27, 2012, and these class members are bound by the terms of the settlement in *Gallucci*. *See In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 333 F.3d 763, 767 (7th Cir. 2003) ("unnamed class members have the status of parties for many purposes and are bound by the decision") (citing *Phillips Petroleum*, 472 U.S. at 801).

There are exceptions to this general rule of claim preclusion for all class members. For example, due process may preclude a class action settlement from barring subsequent claims on behalf of class members. *See Thomas*, 706 F.3d at 850. However, Bohn does not argue that the notice of class certification and settlement provided to absent *Gallucci* class members was somehow unconstitutional. *Cf. Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 220 (5th Cir. 2012). Therefore, the Court does not express an opinion on whether the *Gallucci* class members were given sufficient notice, and concludes that—with the

exception of the persons who opted out—the same parties are involved in both the *Gallucci* action and the present case for *res judicata* purposes.

Finally, the district court for the Southern District of California certified the proposed settlement class in *Gallucci*, approved the settlement agreement, and dismissed the case on the merits and with prejudice. *See* Def.'s Exh. 4. The fact that one of the *Gallucci* objectors filed an appeal with the Ninth Circuit seeking to vacate the district court's judgment and final approval order does not preclude this Court from finding that *res judicata* applies to the absent class members' claims in this case. The Seventh Circuit "has adhered to the general rule in American jurisprudence that a final judgment of a court of first instance can be given collateral estoppel effect even while an appeal is pending." *Prymer v. Ogden*, 29 F.3d 1208, 1213 n.2 (7th Cir. 1994) (citing *Williams v. Comm'r of Internal Revenue*, 1 F.3d 502, 504 (7th Cir. 1993)); *see also Hazel v. Curtiss-Wright Corp.*, 1992 WL 436236, at *3 (S.D. Ind. 1992) ("The overwhelming majority rule in the federal courts is that a judgment may be given *res judicata* effect during the pendency of an appeal.") (collecting cases); *Erebia v. Chrysler Plastic Prods. Corp.*, 891 F.2d 1212, 1215 n.1 (6th Cir. 1989) ("the established rule in the federal courts is that a final judgment retains all of its preclusive effect pending appeal"). Here, the district court approved the *Gallucci* settlement and dismissed the case with prejudice—there is a final judgment on the merits.

In short, *Gallucci* bars the absent class members that Bohn now seeks to represent from re-litigating their claims against Boiron. Accordingly, the Court

17

strikes the class allegations relating to Bohn's proposed pre-July 27, 2012 class, as

Bohn fails to allege any facts to show that—without these class members—she will

be able to demonstrate numerosity under Rule 23. Bohn's post-July 27, 2012 class

allegations are also stricken, as Bohn is not a member of this class of purchasers

and thus is not an adequate representative.

## IV.  Failure to State a Claim

The only claim that remains in the case is Bohn's individual claim for

violation of the ICFA. Boiron argues that this claim must be dismissed pursuant to

Rules 9 and 12(b)(6). The Court disagrees.

### A.  Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g.,*

*Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th

Cir. 2009). A complaint must include "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under notice

pleading standards, a plaintiff's "factual allegations must be enough to raise a right

to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555

(2007). Put differently, a "complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In evaluating

the sufficiency of the complaint, [courts] view it in the light most favorable to the

plaintiff, taking as true all well-pleaded factual allegations and making all possible

inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

Moreover, because Bohn's claim under the ICFA sounds in fraud, it also must be stated with the particularity required by Rule 9(b). *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446 (7th Cir. 2011) (explaining that, although Rule 8 governs ICFA claims premised on "an unfair practice," Rule 9(b) applies to ICFA claims based on fraudulent activity). To satisfy Rule 9(b)'s heightened pleading requirements, Bohn must allege "the who, what, when, where, and how" of the alleged misconduct. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

### B. Analysis

To state a claim under the ICFA, Bohn must allege with particularity: "(1) a deceptive act or practice by defendants, (2) defendants' intent that plaintiff rely on the deception, (3) the deception occurred in the course of conduct involving trade or commerce, and (4) actual damage to plaintiff (5) proximately caused by the deception." *Grendell v. Wyeth Labs., Inc.*, 854 N.E.2d 752, 756 (Ill. App. Ct. 2006).

Boiron argues that Bohn's claim should be dismissed because she cannot "affirmatively demonstrate that the products were ineffective." Defs.' Br. at 17. Specifically, Boiron points to two clinical studies that were not referenced in the first amended complaint. These studies both demonstrate that Oscillo might reduce flu-symptoms. Defs.' Br. at 18-19. But, as Bohn points out, neither of these studies mandates dismissal of Bohn's claim at this stage. "[D]ocuments that are neither

included in the plaintiff's complaint nor central to the claim should not be considered on a motion to dismiss." *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). Here, Bohn's complaint does not expressly mention or rely on either study cited by Boiron. Boiron's motion to dismiss Bohn's claim on this basis is denied.

Boiron also argues that Bohn fails to plead with the specificity required by Rule 9(b) for allegations of fraud. Defs.' Br. at 28. Boiron contends that Bohn fails to allege: when or where she purchased Oscillo; how much she paid; or what alleged misrepresentations caused her to purchase the product. *Id.* at 28-29.

Boiron's argument demands too much specificity. Bohn has stated "the who" (Boiron), "the what" (the precise representations at issue: that Oscillo "temporarily relieves flu-like symptoms such as run-down feeling, headache, body aches, chills and fever," and that its sole active ingredient reduces "the duration and severity of flu-like symptoms"), "the where" (on Boiron's website and Oscillo's packages), "the when" (between December 7, 2008 and December 7, 2011), "to whom" the representations were made (Bohn), and "the how" (the representations are false because studies have shown that the active ingredient in Oscillo does not temporarily relieve flu-symptoms as represented and the product did not provide the health benefits Boiron represented it would). Am. Compl. ¶¶ 1-2, 4, 10, 14, 24. Considering these allegations, the Court concludes that Bohn has pled, with sufficient particularity, a claim for fraud under the ICFA.

## V. Conclusion

For the reasons stated above, Boiron's motion to dismiss [R. 47] is granted in part and denied in part. Bohn's claim for injunctive relief is dismissed pursuant to Rule 12(b)(1) for lack of standing. Bohn's class allegations are stricken, as it is clear from Bohn's amended complaint that class certification of any of the four proposed classes is inappropriate in this case.[6] Finally, Boiron's motion to dismiss the ICFA claim pursuant to Rules 9 and 12(b)(6) is denied.

On August 14, 2013, the parties shall appear before the Court at 9:00 a.m. for a status hearing regarding the sole claim that remains in the case: Bohn's individual ICFA claim. Lead counsel should be present to discuss the next steps in the matter, including whether the Court has subject-matter jurisdiction over what remains of the case.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: August 1, 2013

---

[6] To the extent this ruling is based on the doctrine of *res judicata*, the Court takes judicial notice of the *Gallucci* record without converting Boiron's motion to dismiss into a motion for summary judgment. *See Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012). Boiron filed a motion for the Court to take judicial notice of ten exhibits attached to its motion to dismiss. R. 48. The Court takes judicial notice of the court filings in *Gallucci* (as it would have absent a motion from Boiron), and denies Boiron's motion as moot with respect to the clinical studies and other exhibits.